UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MCGEE, an individual, and
ADRIANA MCGEE, an individual,

          Plaintiffs,

v

CITY OF FLAT ROCK, a Michigan
municipal corporation, WCA ASSESSING, LLC
a Michigan limited liability company, and
DAVID YACK, in his individual capacity,

          Defendants.

Case No.
Hon.

_____/

O'REILLY RANCILIO P.C.
Keith C. Jablonski (P62111)
Nathan D. Petrusak (P75359)
Attorney for Plaintiffs
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586) 726-1000/Fax: (586) 726-1560
kjablonski@orlaw.com
npetrusak@orlaw.com

_____/

**COMPLAINT AND JURY DEMAND**

      NOW COME Plaintiffs, David McGee and Adriana McGee, by and through

their attorneys, O'Reilly Rancilio P.C., and for their Complaint state as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiffs, David and Adriana McGee (collectively "McGee"), are the owners of residential real property located at 27448 Arsenal Road, Flat Rock, Michigan 48314.

2.      Defendant City of Flat Rock ("Flat Rock") is a Michigan municipal corporation with its principal offices located at 25500 Gibraltar Road, Flat Rock, Michigan 48134.

3.      Defendant WCA Assessing, LLC ("WCA Assessing") is a Michigan limited liability company that contracts with Flat Rock to provide the its assessing services.

4.      Defendant David Yack ("Yack") is an individual who was formerly employed as an assessor for WCA Assessing and who acted as an agent for Flat Rock in the performance of its assessing services.

5.      This action arises under the Constitution and the laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a).

6.      Plaintiffs' claims for damages are authorized under 42 U.S.C. § 1983.

2

7. Plaintiffs' claim for an award of their reasonable costs of litigation, including attorneys' fees and expenses, is authorized under 42 U.S.C. § 1988 and other applicable law.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to Plaintiffs' claims occurred in this district.

## STATEMENT OF FACTS

9. At all times relevant to Plaintiffs' claims, Flat Rock contracted with WCA Assessing for it to provide city assessing services.

10. At all times relevant hereto, Yack was employed by WCA Assessing and acted under color of state law as an assessor for Flat Rock.

11. The McGees own a home in the city of Flat Rock, which is located at 27448 Arsenal Road ("Property").

12. The Property has a "No Trespassing" sign at its entrance.

13. During the summer of 2023, the McGees constructed an addition to the attached garage on the Property.

14. Following completion, Yack came out to the Property in his capacity as an assessor for Flat Rock and made unauthorized and warrantless entry into the garage and adjacent areas and rooms, including the garage's finished upstairs, bathroom, and basement.

3

15.     Upon information and belief, and based on information obtained from the City of Flat Rock's current assessor, Yack's unauthorized and warrantless entry occurred on September 18, 2023.

16.     The unauthorized and warrantless entry included accessing the Property's interior through closed doors.

17.     Once inside, Yack inspected and took measurements of various rooms, including rooms that have no windows and that Yack could not have seen or measured absent his unauthorized and warrantless entry.

18.     Upon information and belief, one of the McGee's minor children was home alone doing online schooling during the unauthorized and warrantless entry.

19.     On March 8, 2024, upon receiving their property tax assessment, the McGees called the City and spoke to Yack about their Property's new assessment.

20.     During the conversation, Yack stated that the assessment for the Property was due to the new garage addition.

21.     When asked how he was able to assess the value, Yack indicated that, unbeknownst to the McGees, he had been inside of the Property and taken measurements.

22.     On March 12, 2024, the McGees appeared before the city's Board of Review to challenge the assessment.

4

23.    During the hearing, the McGees complained that Yack's assessment was done by making unauthorized and warrantless entry to the Property.

24.    The Board of Review responded that Yack could enter the Property as he wished.

25.    On March 21, 2024, the McGees went in person to speak with Yack regarding his assessment of the Property.

26.    During that conversation, Yack pulled out a diagram with a layout and measurements of the Property.

27.    The McGees asked Yack how he got the measurements, and Yack again admitted to entering the Property.

28.    When the McGees told him he had not been allowed to enter, Yack responded: "I can and I will, I am authorized."

29.    That same day, the McGees filed a complaint against Yack with the Flat Rock Police Department.

30.    Per the police report, Yack was interviewed and admitted to entering the Property after no one answered the front door. Yack told Flat Rock Police that, in his opinion, the law allows him to open closed doors and enter someone's property without their consent or a warrant. (Exhibit A, Police Report.)

31.    The McGees subsequently told Flat Rock Police that they wished to press charges against Yack.

32.     Upon information and belief, the matter has been referred to the Wayne County Prosecutor's Office, which has authorized a warrant for Yack's arrest.

33.     Upon information and belief, Yack has made other unauthorized and warrantless entries to properties in his capacity as the city assessor.

34.     Upon information and belief, Flat Rock has received other complaints concerning Yack's unauthorized and warrantless entries and failed to train, discipline, and supervise him appropriately.

35.     Yack's unauthorized and warrantless entries were a trespass and a violation of the Fourth Amendment.

## COUNT I
## VIOLATION OF THE 4TH AND 14TH AMENDMENTS
### (Yack and WCA Assessing)

26.     Plaintiffs incorporate the above allegations as though fully restated herein.

27.     The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV.

28.     At its core, the Fourth Amendment protects the right of an individual to retreat into his own home and there be free from unreasonable governmental intrusion.

29.     It is therefore a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.

30.     Courts have repeatedly held that it is clearly established that warrantless entry into a home without consent or an exception to the warrant requirement violates clearly established law.

31.     The United State Supreme Court has expressly ruled, in *G.M. Leasing Corp. v. United States*, 429 U.S. 338 (1977), that warrantless searches of private property in furtherance of tax collection are governed by the warrant protections of the Fourth Amendment.

32.     Here, Yack entered the curtilage of the Property without authorization or warrant under color of state law in order to take measurements for tax assessment purposes.

33.     Yack's unauthorized and warrantless entry of the Property was in clear violation of the Forth and Fourteenth Amendments.

34.     WCA Assessing is vicariously liable for Yack's unauthorized and direct or immediate intrusion because he committed the trespass during the scope of his employment or agency.

35.      As a direct and proximate result of Yack's violation of the Fourth and Fourteenth Amendments, the McGees have suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and

injunctive relief and damages in excess of $75,000.00 as well as costs, attorneys'
fees, punitive damages, and any other damage available under the law.

## COUNT II
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983
### (Flat Rock)

36.    Plaintiffs incorporate the above allegations as though fully restated
herein.

37.    Upon information and belief, at all times herein, Flat Rock had a policy
or custom of failing to adequately train, supervise, and/or discipline its personnel,
including, but not limited to, its inspectors and assessors.

38.    Upon information and belief, at all times herein, Flat Rock had a policy
or custom of acquiescing to the unauthorized and warrantless entry of properties,
including the Property, by its personnel, including, but not limited to, its inspectors
and assessors.

39.    Upon information and belief, at all times herein, Flat Rack acted within
deliberate indifference to the known and obvious consequences of its failure to
adequately train, supervise, and/or discipline its personnel, including, but not limited
to, its inspectors and assessors.

40.    Flat Rock's policies or customs of acquiescence and failure to
adequately train, supervise, and/or discipline were the moving force behind Yack's

8

violation of the McGee's Fourth and Fourteenth Amendment rights by his unauthorized and warrantless entry of the Property.

41.    As a direct and proximate result of Yack's violation of the Fourth and Fourteenth Amendments, the McGees have suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief and damages in excess of $75,000.00 as well as costs, attorneys' fees, punitive damages, and any other damage available under the law.

**COUNT III**
**TRESPASS**
**(All Defendants)**

42.    Plaintiffs incorporate the above allegations as though fully restated herein.

43.    Under Michigan law, a trespass is an unauthorized invasion on the private property of another.

44.    Yack, as an assessor for WCA Assessing and Flat Rock, made an unauthorized and direct or immediate intrusion on and into the Property, to which the McGees had the exclusive right of possession.

45.    Yack's unauthorized and direct or immediate intrusion is not protected by governmental immunity and was undertaken in bad faith and in violation of both state and federal law.

46.     WCA Assessing and Flat Rock are vicariously liable for Yack's unauthorized and direct or immediate intrusion because he committed to trespass during the scope of his employment or agency.

47.     As a direct and proximate result of Yack's trespass, the McGees have suffered irreparable harm, including the loss of their fundamental constitutional and property rights, entitling them to declaratory and injunctive relief and damages in excess of $75,000.00 as well as costs, attorneys' fees, punitive damages, and any other damage available under the law.

O'REILLY RANCILIO P.C.

By:  /s/ Nathan D. Petrusak
    Keith C. Jablonski (P62111)
    Nathan D. Petrusak (P75359)
    Attorneys for Plaintiffs
    12900 Hall Road, Suite 350
    Sterling Heights, MI 48313
    (586) 726-1000/Fax:  (586) 726-1560
    kjablonski@orlaw.com
    npetrusak@orlaw.com

Dated:  January 7, 2025

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

By:  /s/ Nathan D. Petrusak
    Keith C. Jablonski (P62111)
    Nathan D. Petrusak (P75359)
    Attorneys for Plaintiffs
    12900 Hall Road, Suite 350

Sterling Heights, MI 48313
(586) 726-1000/Fax:  (586) 726-1560
kjablonski@orlaw.com
npetrusak@orlaw.com

Dated:  January 7, 2025