2611517UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID MCGEE and ADRIANA MCGEE,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CITY OF FLAT ROCK,**<br>**WCA ASSESSING, LLC, and**<br>**DAVID YACK,**<br><br>Defendants. | **2:25-CV-10050-TGB-DRG**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING PLAINTIFF'S PARTIALLY UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO EXTEND SCHEDULING ORDER DATES BY SIXTY DAYS**<br>**(ECF NO. 40)** |

In this case, Plaintiffs David McGee and Adriana McGee allege that Defendant David Yack, while employed by Defendant WCA Assessing, LLC and acting under color of law as Defendant the City of Flat Rock's assessor, trespassed onto and into Plaintiffs' home. Now before the Court is Plaintiffs' Motion to File Amended Complaint and to Extend Scheduling Order Dates by Sixty Days. ECF No. 40. Defendants City of Flat Rock and WCA Assessing, LLC do not oppose Plaintiffs' motion, ECF Nos. 41, 42, but Defendant David Yack does. ECF No. 43. Plaintiffs filed a reply brief in support of their motion. ECF No. 45. The Court has carefully considered the parties' submissions and does not believe that oral argument will aid in its disposition of this motion; therefore, it is

dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons stated below, the Court will **GRANT** Plaintiffs' Motion for Leave to File Amended Complaint and to Extend Scheduling Order Dates by Sixty Days.

## I.    BACKGROUND

On January 7, 2025, Plaintiffs David McGee and Adriana McGee brought this lawsuit against Defendants City of Flat Rock, WCA Assessing, LLC, and David Yack. ECF No. 1. In their Complaint, Plaintiffs allege that they constructed an addition to the attached garage on their home in the summer of 2023. *Id.* ¶ 13. On September 18, 2023, when only one of Plaintiffs' minor children was home alone, Yack, while employed by WCA Assessing and acting as the City of Flat Rock's assessor, made an unauthorized and warrantless entry into the garage of Plaintiffs' home and adjacent areas and rooms, including the garage's finished upstairs, bathroom, and basement. *Id.* ¶¶ 14–16, 18. Once inside, Yack inspected and took measurements of various rooms. *Id.* ¶ 17. Plaintiffs received their property assessment in March 2024, and when they called the City and spoke to Yack about it, he informed them that the assessment was due to the garage addition on Plaintiffs' home, admitting that he had been inside the Property and taken measurements. *Id.* ¶¶ 19–21. Plaintiffs filed a complaint with the Flat Rock Police Department and sought charges against Yack for his trespass

of their home, *id.* ¶¶ 29–31, and brought this lawsuit asserting claims for (1) violation of Plaintiffs' 4th and 14th amendment rights, against Yack and WCA Assessing, (2) municipal liability under 42 U.S.C. § 1983 against the City of Flat Rock, and (3) trespass against all Defendants. *Id.* ¶¶ 26–47. All Defendants were served and filed Answers to Plaintiffs' Complaint, with the last Answer filed on May 13, 2025. ECF Nos. 7, 13, 21.

As the parties proceeded to conduct discovery, a conflict of interest arose between Plaintiffs and their attorneys, and their attorneys filed a motion to withdraw as counsel for Plaintiffs. ECF No. 30. Defendants did not oppose the motion, ECF Nos. 32, 33, 34, and on December 4, 2025, the Court entered a Stipulated Order Granting Substitution, substituting current counsel for Plaintiffs' former counsel. ECF No. 35. The parties then agreed to pursue early facilitation and delay further discovery until after facilitation was concluded if the matter did not settle. An in-person facilitation was held on February 6, 2026, and after extensive efforts, the mediator suspended facilitation and recommended that the parties conduct additional discovery before returning to facilitation. ECF No. 40, PageID.212.

Plaintiffs' counsel now seeks leave to file a First Amended Complaint to add two claims: (1) a § 1983 claim against Defendants WCA Assessing and Yack and (2) a gross negligence claim against Defendants WCA Assessing and Yack. ECF Nos. 40, 40-2. Plaintiffs also request a

60-day extension of the scheduling order dates to allow for additional depositions, including the continued depositions of Plaintiffs on the amended claims. ECF No. 40.

Defendant City of Flat Rock filed a response concurring in the relief sought by Plaintiffs, ECF No. 41, and Defendant WCA Assessing filed a response stating that it does not object to the relief sought so long as Defendants have the right to re-depose Plaintiffs regarding the allegations contained in the proposed first amended complaint. ECF No. 42. Defendant Yack filed a response objecting to Plaintiffs' motion, arguing that good cause does not exist for a 60-day extension, and that amendment of the complaint would be futile in part because Plaintiffs cannot state a claim for "improper tax surges" as pled in the proposed amended complaint. ECF No. 43. Plaintiffs filed a reply brief stating that they will strike that element of their claimed damages. ECF No. 45.

## II.    LEGAL STANDARD

A party may amend a pleading after the opposing party's responsive pleading has been filed only by leave of court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15(a)(2). However, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* Amendment should not be permitted when there is "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, ... undue prejudice to the opposing party, or futility of amendment." *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022)

4

(Ludington, J.) (citation modified). The decision to grant or deny a motion to amend a pleading is within the sound discretion of the Court. *See Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990); *see also Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) ("[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." (internal quotations omitted).

"District courts have broad discretion under the rules of civil procedure to manage the discovery process and [to] control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). A scheduling order, including discovery deadlines, may be modified for good cause. Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)) (citation modified). Another "important consideration for a district court deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (internal quotation marks omitted).

## III.   DISCUSSION

Defendants City of Flat Rock and WCA Assessing do not oppose Plaintiffs' motion for leave to file a first amended complaint and extend the scheduling order dates 60 days. ECF Nos. 41, 42. Defendant Yack does oppose the motion, arguing that he would be prejudiced by the addition of new damages theories that would require additional discovery and more time deposing Plaintiffs, and that amendment to include "improper tax surges" as a category of damages would be futile. ECF No. 43. Plaintiffs assert in their reply brief that they will strike any claim for damages for "tax surges." ECF No. 45.

The Court finds that allowing amendment of Plaintiff's Complaint at this stage of the proceedings is in accord with the Court's practice of liberally granting leave to amend. There is no evidence of undue delay, lack of notice, bad faith, repeated failure to cure deficiencies, or undue prejudice to Defendants. Plaintiffs' current counsel substituted in this case in early December 2025 and all parties agreed shortly thereafter to pursue early facilitation of this case in lieu of continuing with discovery. Following approximately 5 hours of mediation in early February 2026, the mediator suggested that the parties complete discovery before further pursuing facilitation. Plaintiffs' counsel sought concurrence on their motion for leave to amend on March 23, 2026, *see* ECF Nos. 42-2 to 42-4, and then filed the instant motion on April 3, 2026, less than one year after Defendant Yack answered the original Complaint, and before the

close of discovery. Further, Plaintiffs agree to strike the "tax surges" claims in the proposed First Amended Complaint that Yack complains of in his response brief. The amendment may result in some inconvenience to Defendants because it likely will require supplemental discovery. But "[e]xposure to inconvenience ... [is] typical of any defendant defending a lawsuit in federal court." *Purcell v. Fadlallah*, No. 10-13444, 2011 WL 4503097, at *2 (E.D. Mich. Sept. 28, 2011) (Cleland, J.) (granting leave to amend where "Plaintiffs' amended complaint merely subjects Defendants to the inconvenience of defending against two additional counts."). Accordingly, the Court will **GRANT** Plaintiffs leave to amend their Complaint.

The Court further finds that a 60-day extension of the scheduling order dates is reasonable and appropriate and supported by good cause. Plaintiffs filed this request before the expiration of the current scheduling order deadlines and as discussed above, Plaintiffs' counsel has shown their diligence in meeting the current scheduling order's deadlines since substituting into this case, and Defendants have not shown that they will be significantly prejudiced by a 60-day extension. Accordingly, the Court will **GRANT** Plaintiffs' request to extend the current scheduling order dates in this case for 60 days.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to file a first amended complaint, ECF No. 40, is **GRANTED**, and Plaintiff may

file its proposed First Amended Complaint (absent the "tax surge" damage claim) within seven days from the filing of this order.

The Court **FURTHER GRANTS** Plaintiffs' request to extend the scheduling order dates for an additional 60 days from the current dates (see ECF No. 39) and is modified as follows:

1. Fact Discovery by July 23, 2026

2. Proponent Expert Disclosure by August 21, 2026

3. Rebuttal Expert Disclosure by September 20, 2026

4. Expert Discovery Cutoff by October 23, 2026

5. End of Discovery Status Conference on October 29, 2026, at 10:00 a.m.

6. Dispositive Motion Cutoff and Challenges to Experts by November 20, 2026.

7. Final Pretrial Conference to a date and time to be set by the Court.

8. Jury Trial to a date and time to be set by the Court.

**IT IS SO ORDERED.**

Dated: May 29, 2026          /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE